UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HARRIS, | No. C 05-2922 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RICHARD KIRKLAND, warden, | |
| Respondent. | |

## INTRODUCTION

Sidney Harris, a California prisoner at Pelican Bay State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 conviction in the Santa Clara County Superior Court. This matter is now before the court for consideration of respondent's motion to dismiss the petition as untimely. The court finds that the petition was not filed by the deadline in 28 U.S.C. § 2244(d) and therefore dismisses the untimely petition.

## BACKGROUND

Sidney Harris was convicted in Santa Clara County Superior Court of robbery, false imprisonment, dangerous driving while fleeing from a peace officer, and being a felon in possession of a firearm. Several sentence enhancement allegations were found true. On July 31, 2001, he was sentenced to 160 years to life plus a determinate term of 46 years in state prison.

1   Harris appealed. The California Court of Appeal reversed the false imprisonment
2   conviction and affirmed the remainder of the convictions in the judgment on January 10,
3   2003. Harris' petition for review was denied by the California Supreme Court on March 19,
4   2003. Harris did not file any state habeas petitions.

5   Harris' federal petition was stamped "filed" on July 19, 2005, came to the court in an
6   envelope post-marked July 11, 2005, and has a proof of service indicating it was mailed to
7   this court on July 7, 2005.

8   Respondent now moves to dismiss the petition as untimely filed. Harris opposes the
9   motion, arguing that he is entitled to equitable tolling based on the limited law library access
10  at Pelican Bay and limited access to legal materials while he was in the county jail.

## DISCUSSION

12  A statute of limitations exists for petitions for writ of habeas corpus filed by state
13  prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences
14  must be filed within one year of the latest of the date on which: (1) the judgment became
15  final after the conclusion of direct review or the time passed for seeking direct review; (2) an
16  impediment to filing an application created by unconstitutional state action was removed, if
17  such action prevented petitioner from filing; (3) the constitutional right asserted was
18  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
19  and made retroactive to cases on collateral review; or (4) the factual predicate of the claim
20  could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

21  The starting date of the limitations period here is the ordinary one: the date on which
22  the judgment became final after the conclusion of direct review or the time passed for
23  seeking direct review. See 28 U.S.C. § 2244(d)(1)(A). Harris' conviction became final on
24  June 17, 2003, ninety days after the petition for review was denied by the California Supreme
25  Court. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Absent any tolling, his
26  federal petition had to be filed by June 17, 2004, to be timely. His federal petition was not
27  deemed filed until July 7, 2005, more than a year after the deadline. See Saffold v. Newland,
28  250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed

2

1 when prisoner delivers petition to prison authorities for mailing), vacated and remanded on
2 other grounds, Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002).

3     Having determined that the presumptive deadline for filing the federal petition was
4 June 17, 2004, and that Harris missed it by more than a year, the next step is to determine
5 whether the limitations period should be statutorily tolled.  The one-year limitations period
6 will be tolled under § 2244(d)(2) for the "time during which a properly filed application for
7 State post-conviction or other collateral review with respect to the pertinent judgment or
8 claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no basis for statutory tolling:
9 Harris did not seek collateral relief in state court.

10     The final step is to determine whether equitable tolling applies.  Equitable tolling of
11 the limitation period is available upon a showing of extraordinary circumstances beyond a
12 petitioner's control which prevented him from timely filing the petition.  See, e.g., Calderon
13 v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied,
14 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by
15 Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert.
16 denied, 526 U.S. 1060 (1999).  "When external forces, rather than a petitioner's lack of
17 diligence, account for the failure to file a timely claim, equitable tolling of the statute of
18 limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
19 Equitable tolling will not be available in most cases because extensions of time should be
20 granted only if "extraordinary circumstances beyond a prisoner's control make it impossible
21 to file a petition on time."  Beeler, 128 F.3d at 1288 (citation and internal quotation marks
22 omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of
23 his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

24     Harris contends he is entitled to equitable tolling for two reasons.  First, he contends
25 that he was unable to access the law library at Pelican Bay due to various states of emergency
26 and modified programming that existed at the prison.  Even accepting as true that Harris was
27 unable to access the law library and that situation supported equitable tolling, it would only
28 provide tolling for the time during which Harris was actually at the prison.  The earliest that

3

1 such tolling would have started was January 2005, because Harris did not return to state
2 prison until the beginning of 2005 – six months after the June 17, 2004 deadline had passed.
3 See Opposition Brief filed Feb. 4, 2006 (docket # 8), p. 4.

4       Second, Harris contends the limitations period should be equitably tolled during the
5 time he was at Santa Clara County Jail because "it wasn't possible to file a properly [sic]
6 Federal Writ of Habeas Corpus while he was confined in the Santa Clara County Jail
7 Facility.  When inmates are transferred from a State Prison to a County Jail for whatever
8 reason, they are not allowed to take much if any property for security reasons.  Therefore, I
9 was absent of any transcripts that was necessary to not only discover other Constitutional
10 issue's, but review and further research before petitioner could file his Federal Appeal."
11 Opposition Brief filed Aug. 28, 2006, p. 6 (errors in source).  This does not show entitlement
12 to equitable tolling for the time he was in the county jail or even the need for an evidentiary
13 hearing to develop the record.  Harris' housing in the county jail did not prohibit him from
14 finding out about the existence of the deadline to file a federal petition: he clearly knew of
15 the statute of limitations because he "had informed his attorney on remand" about it and
16 knew that it was his (Harris') personal responsibility to get the petition filed because his
17 attorney told him he would not be preparing it.  Opposition Brief filed Aug. 28, 2006, p. 6.
18 Moreover, there is <u>no</u> indication of <u>any</u> diligence.  Harris does not state that he actually made
19 any effort to obtain the transcripts while he was in county jail.  His generalized statement that
20 inmates are not allowed to take "much if any property" does not state what property he was
21 allowed to take, does not state whether he received materials while he was in county jail, and
22 does not even hint that he tried to obtain the transcripts or tried to do any research even
23 though he knew that there was a deadline for him to file his federal habeas petition.  See Roy
24 v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006); Espinoza-Matthews v. California, 432 F.3d
25 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's stay in ad-seg
26 because he was denied access to his legal papers despite his repeated requests for them); cf.
27 United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though
28 petitioner did not have access to trial transcripts, the facts supporting claims which occurred

4

at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)). Harris' housing in county jail without his transcripts does not support equitable tolling of the limitations period.

Harris' federal petition was deemed filed on July 7, 2004, more than a year after the deadline for filing. The petition must be dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket # 6.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED:   September 27, 2006

Marilyn Hall Patel
United States District Judge